UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: CHARLES PIERSON VANDENBOSCH,

        Debtor.
_____
CHARLES PIERSON VANDENBOSCH,

        Appellant,

vs.                         Case No. 2:11-cv-139-FtM-29
                             Bankr. No. 9:10-bk-06427-ALP

JON WAAGE,

        Appellee.
_____

**OPINION AND ORDER**

This matter comes before the Court on debtor-appellant's Motion for Leave to Appeal Interlocutory Order by the Bankruptcy Court (Doc. #1) filed on March 16, 2011. The Trustee-appellee filed an Answer (Doc. #2) in response.

**I.**

On March 23, 2010, debtor Charles Pierson Vandenbosch filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The Chapter 13 Plan proposed to pay $100 per month for 36 months in a below median income case. Debtor's Schedule I shows social security income of $2,885.50, which includes debtor's non-filing spouse's social security income, and a total household income of $17,774.02. Debtor's Schedule J expenses total $16,968.69, leaving a net income of $466.83. On April 28, 2010, the Trustee issued an

Unfavorable Recommendation because debtor failed to dedicate all projected disposable income as required by 11 U.S.C. § 1325(b)(1)(B), and therefore the Plan was filed in bad faith. Debtor argued that the definition of "disposable income" excludes benefits under the Social Security Act and should not be included in determining "projected disposable income." The Bankruptcy Court found no bad faith, but did find that the Bankruptcy Code requires debtor to commit social security income to the Plan and denied confirmation for this specific reason.

Appellant seeks leave to appeal the non-final Agreed Order Granting Debtor's Motion to Amend Order Granting Debtor's Motion to Amend Order Denying Confirmation wherein the Bankruptcy Court found that "The Debtor(s) Chapter 13 Plan, as filed, does not meet the requirements for confirmation and therefore is DENIED for the following reasons: the Court finds the Debtors have not contributed all of their disposable income to be received in the applicable commitment period pursuant to 11 U.S.C. § 1325(b) because they have failed to commit their Social Security income as listed on Schedule I." (Doc. #1, p. 41, ¶ 1.) Appellant presents the following question:

> Whether the Bankruptcy Court erred in concluding social security income was properly included in the calculation of "projected disposable income" under § 1325(b)(2) despite Congress's unambiguous exclusion of social security income from the definition of "disposable income."

(Doc. #1, p. 3.) The Trustee agrees with the Bankruptcy Court's conclusion that social security must be included in the calculation of "projected disposable income," but believes "it is appropriate for the District Court to hear and decide this issue as the Trustee respectfully requests the Court's guidance to administer cases that involve social security income and would consent to the leave so requested." (Doc. #2, ¶ 3.)

**II.**

A federal district court has jurisdiction to hear appeals from final judgments, orders and decrees and, with leave granted, from interlocutory orders and decrees from the bankruptcy court. 28 U.S.C. § 158(a). Finding guidance under Title 28, United States Code, Section 1292(b), if the district court is of the opinion that there is a (1) "controlling question of law", to which (2) there is a "substantial ground for difference of opinion", and (3) an "immediate appeal from the order may materially advance the ultimate termination of the litigation", the court shall so state in accepting an interlocutory appeal. 28 U.S.C. § 1292(b). See also In re The Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).

**III.**

Debtor argues that the majority of bankruptcy courts and two district courts have determined that social security income is excepted from the calculation of disposable income or projected disposable income. In this case, the Bankruptcy Court followed the

decision of In re Rodgers, 430 B.R. 910 (Bankr. M.D. Fla. 2010), which held the opposite. Debtor indicates that there is now an uneven split (2-3) amongst the bankruptcy courts in the Middle District of Florida, with more of the judges finding as the majority of bankruptcy courts in the country. The debtor indicates that the Eighth Circuit Bankruptcy Appellate Panel (BAP), First Circuit BAP, and Sixth Circuit Court of Appeals have addressed the issue. Debtor does not state whether the Eleventh Circuit has considered the matter, and a cursory check produced no binding precedent.

The Court finds, as both sides agree, that there is a substantial ground for difference of opinion based on the split amongst the bankruptcy courts in the Middle District of Florida alone. It is also clear that the issue is controlling as to whether an amended plan would be accepted without the commitment of social security income as part of "disposable income." Upon review, the Court finds that an immediate appeal from the order may materially advance the litigation in this case. The Court also finds that a stay of the Agreed Order Granting Debtor's Motion to Amend Order Granting Debtor's Motion to Amend Order Denying Confirmation, which provides a deadline to file an amended plan, is appropriate.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Debtor-appellant's Motion for Leave to Appeal Interlocutory Order by the Bankruptcy Court (Doc. #1) is **GRANTED**.

2.   The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court.

3.   The Agreed Order Granting Debtor's Motion to Amend Order Granting Debtor's Motion to Amend Order Denying Confirmation is **stayed**.

4.   The Clerk of the Bankruptcy Court, upon designation of the items, shall transmit the record for filing in this case, under this case number.

5.   The Clerk is further directed to issue a standard Notice of Filing Bankruptcy Appeal in the District Court, and the parties shall file their briefs in the normal course pursuant Fed. R. Bankr. P. 8009(a).

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of March, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. David H. Adams
Counsel of record
Clerk, U.S. Bankr. Ct.